IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1829 (MN) |
| | ) | |
| ROBERT MAY, Warden, and ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| DELAWARE, | ) | |
| | ) | |
| Respondents.[1] | ) | |

**MEMORANDUM ORDER**

At Wilmington, this 20th day of January 2022:

## I.   BACKGROUND

In 1993, Petitioner pled guilty to committing first and second degree unlawful sexual intercourse. *See Thomas v. Snyder,* 2001 WL 1297812, at *1 (D. Del. Oct. 3, 2001). The Delaware Superior Court sentenced Petitioner to life imprisonment and an additional twenty years. *See id*. Petitioner did not appeal his convictions or sentence.

In 1998, Petitioner filed in this Court his first habeas petition challenging the 1993 convictions. *See Thomas,* 2001 WL 1297812, at *2. The petition asserted the following three grounds for relief: (1) Petitioner's guilty plea was involuntary and unknowing because he was taking anti-depressant and anti-psychotic medication at the time; (2) defense counsel provided ineffective assistance during the plea process and sentencing; and (3) the sentencing judge abused his discretion during sentencing. *See id*. at *2. On October 3, 2001, the Honorable Gregory M. Sleet denied the petition after determining that claim one lacked merit, allegations in claim two

---

[1]    Warden Robert May has replaced former Warden Dana Metzger, an original party to the case. *See* Fed. R. Civ. P. 25(d).

were either meritless or procedurally barred, and claim three was procedurally barred.  *See Thomas,* 2001 WL 1297812, at *3-7.

In July 2016, Petitioner filed a second habeas petition challenging the same 1993 convictions.  *See Thomas v. Pierce*, 2017 WL 359165 (D. Del. Jan. 23, 2017).  The Honorable Sue L. Robinson dismissed the petition for lack of jurisdiction because it was an unauthorized second or successive habeas petition.  *See id.* at *1.

Thereafter, Petitioner filed the habeas Petition and Amended Petition (collectively referred to as "Petition") presently pending before the Court.  (D.I. 1, 3).  The Petition challenges the same 1993 convictions already contested in his first and second habeas petitions, and asserts the following three claims:  (1) the State violated Petitioner's due process rights by prosecuting Petitioner while he was legally incompetent (D.I. 1); (2) defense counsel provided ineffective assistance by permitting Petitioner to enter a guilty plea while legally incompetent (D.I. 1); and (3) the Superior Court and Delaware Supreme Court judges presiding over his proceedings suffered from judicial bias and should have recused themselves from his case (D.I. 3).

## II.    <u>LEGAL STANDARDS</u>

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."  *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).  A habeas application is classified as second or successive within the meaning of  28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior

habeas application.  *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III.    <u>DISCUSSION</u>

A review of the instant Petition reveals that it is a second or successive habeas application within the meaning of 28 U.S.C. § 2244.  First, the Petition challenges the same 1993 convictions that Petitioner challenged in his first and second federal habeas proceedings.  Second, the dismissal of Petitioner's first habeas petition constitutes an adjudication on the merits for § 2244 purposes. *See Hernandez v. Diguglielmo*, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005) (noting that dismissal for a procedural default constitutes a merits adjudication) (collecting cases)*; Rauso v. Pennsylvania Board of Probation & Parole*, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004) (in denying petitioner's § 2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition.").  Third, Petitioner either did, or could have, asserted the instant three grounds for relief in his first petition.

Petitioner does not assert, and nothing in the record indicates, that the Third Circuit Court of Appeals authorized the filing of the instant second or successive habeas Petition.  Consequently, the Court lacks jurisdiction to consider the Petition.  *See Robinson*, 313 F.3d at 139.  In addition, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the instant filing comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2).  For these reasons, the Court will dismiss the instant unauthorized second or successive habeas Petition for lack of jurisdiction.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C.

foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139.

## IV.   <u>CONCLUSION</u>

For the reason set forth above, IT IS HEREBY ORDERED that Petitioner James Thomas' unauthorized second or successive Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (D.I. 1, 3) is **DISMISSED** for lack of jurisdiction.  The Court declines to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).


_____
The Honorable Maryellen Noreika
United States District Judge